IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRUDY JIM, individually and as parent and guardian of J.S., a minor child, KAREN MARK, individually and as parent and guardian of R.T., a minor child, RONALD TSOSIE, individually and as parent and guardian of D.T. and S.T., minor children, and AUDREY MUSKETT, individually and as parent and guardian of D.M.,

      Plaintiffs,

v.                                                                     No. CIV 06-293 BB/ACT

UNITED STATES OF AMERICA, STEPHEN VAN KEUREN, individually and in his official capacity, and JOHN/JANE DOE, Administrator(s) of the Crystal Boarding School,

      Defendants.

### MEMORANDUM OPINION
### AND
### ORDER ON MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on the Motion to Dismiss ... or, in the Alternative, for Summary Judgment [Doc. 9]. Having read the submissions of the parties and being fully apprised, the Motion to Dismiss will be Granted in Part, Denied in Part, and the Motion for Summary Judgment Deferred.

*Procedural Background*

In their complaint, Plaintiffs allege a librarian, Steven Van Keuren, who was then employed at the Crystal Boarding School in Navajo, New Mexico, sexually assaulted them.

Van Keuren was found guilty of abusive sexual contact with a child. *United States v. Van Keuren*, 03CR2573 (May 7, 2004 D.N.M.). The indictments indicate the incidents occurred between August 12, 2000, and April 1, 2003.

Crystal Boarding School is operated by the United States Department of Interior, Bureau of Indian Affairs, Office of Indian Education Programs. In Count I, Plaintiffs assert violations by Van Keuren of the minors' Fifth Amendment rights. Count II similarly asserts constitutional violations by the United States and unnamed school administrators. Count III claims intentional infliction of emotional distress by Van Keuren. Count VIII asserts negligence pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, 2671 *et seq.*, against Van Keuren and the United States. Count IX asserts a claim for punitive damages against the same Defendants. Plaintiffs have subsequently dismissed all claims asserted by Trudy Jim, Karen Mark, Ronald Tsosie, and Audrey Muskett as the parents and guardians of their minor children.

The United States files this motion arguing that Plaintiffs' complaint against the Defendant Administrators in their official capacities should be dismissed with prejudice for lack of subject matter jurisdiction. To the extent Plaintiffs purport to state constitutional tort claims against them in their official capacities, they argue such claims are barred by sovereign immunity. The United States also brings a challenge under the FTCA's timely filing of an administrative claim prerequisite.

### *Legal Standard*

When addressing a Rule 12(b) motion, a court must accept as true all well-pleaded factual allegations in the complaint and view those allegations in the light most favorable to

the non-moving party. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1326 (10th Cir. 1999); *Yoder v. Honeywell Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997). Although reasonable inferences raised in the pleadings must be resolved in favor of the plaintiff, *Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir. 1998), a court need accept as true only the plaintiff's well-pleaded factual contentions, not conclusory allegations. *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1305 (10th Cir. 2001). A Rule 12(b)(6) motion will be granted only "if the plaintiff can prove no set of facts in support of a claim for relief." *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996); *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1269-70 (10th Cir. 1989). On a motion under Rule 12(b), a "court is not to weigh potential evidence that the parties might present at trial but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). When jurisdiction is challenged, as here, the Court may go beyond the complaint and resolve factual claims related to jurisdiction. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

Summary judgment is proper where the movants demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993). The movant bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case. *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976 (10th Cir. 2002).

*Federal Tort Claims Act*

When Congress enacted the FTCA, it waived the sovereign immunity of the United States for certain torts committed by federal employees. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). However, Congress specifically exempted the United States from claims for which administrative remedies had not been exhausted. 28 U.S.C. §§ 2401(b) & 2675(a).

The FTCA creates jurisdictional prerequisites to filing a suit against the United States, including the requirement that a prospective plaintiff first present an administrative claim to the appropriate federal agency:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added); *see Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) (filing administrative claim with appropriate federal agency is jurisdictional prerequisite to suit under FTCA); *Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1463 (10th Cir. 1989) (same). It is the obligation of the plaintiff to prove prior submission of an administrative claim sufficient to establish jurisdiction. *Kielwien v. United States*, 540 F.2d 676 (4th Cir. 1976); *Murphy v. United States*, 833 F. Supp. 1199 (E.D. Va. 1993).

The United States' waiver of immunity under 28 U.S.C. § 1346 runs two years from the time the plaintiff knows or should have known of the injury and its cause. *United States v.*

*Kubrick*, 444 U.S. 111, 113 (1979); *Industrial Constructors*, 158 F.3d at 969; *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1267 (10th Cir. 2002).

The United States seeks dismissal of all claims in Plaintiffs' complaint under the FTCA and federal constitutional law. Defendants argue that Plaintiffs did not comply with notice requirements under the FTCA.[1] Plaintiffs concede that none of the children's parents, Trudy Jim, Karen Mark, Ronald Tsosie nor Audrey Muskett, filed timely Form 95 notices for themselves, seeking recovery for their own injuries and damages and their claims should therefore be dismissed. Plaintiffs also agree that no claims lie against the Administrators in their *official capacities*, and these Defendants are only liable in their individual capacities.

Although not crystal clear, it appears Plaintiffs' primary argument revolves around when Plaintiffs knew, or should have known, of the injury and its cause. Judge Armijo's opinion in *United States v. Stephen Van Keuren* states that the sexual touching was through the clothes and Defendant maintained it was casual and typical of physical contact between a teacher and pupil. Not persuaded, Judge Armijo found:

> 12.    Other school personnel employed at the Crystal Boarding School during he relevant time period credibly testified based on their training and experience that:
> a.    There is no legitimate reason for a school employee (such as a teacher or librarian) to make contact with the genitalia, groin, or inner thigh of a grade-school age child, either directly or through the clothing, during the cours4e of his or her duties at the Crystal Boarding School;
> b.    inadvertent contact between the hand, arm, elbow, or knee of a school employee and the genitalia, groin, or inner thigh of a grade-school age child, either directly or through the clothing, is very unlikely to occur in the course of their duties;

---

[1] The Court finds no argument in the Government's brief that the SF-95 forms filed on behalf of A.B. and L.B. were not timely and those have apparently been settled.

>    c. through specific training and as a matter of simple common sense, school employees knew that it was inappropriate to touch a grade-school age student on the genitalia, groin, or inner thigh of a grade-school age child, either directly or through the clothing;
>    d. through specific training and as a matter of common sense, school employees knew that it was inappropriate to have a student sit on a teacher's lap.
>    13. Based on the testimony of other school personnel as to the layout of the library area at the Crystal Boarding School and the level of traffic by students and school personnel through the library, it is reasonable to infer that Defendant had the opportunity, on the occasions alleged in the *Superseding Indictment*, to surreptitiously make contact (using his hand, arm, elbow, or knee) through the clothing with the genitalia, groin, or inner thigh of grade-school age boys in the library area while others were not present or not looking.

(Findings of Fact ("FF") at 12-13) Judge Armijo found each of the victims were touched "through the clothing even the Defendant recognized that he must have come into contact with genital areas of John Doe and another boy not named in the superseding indictment." (FF at 14vii)

Plaintiffs here argue that the evidence of when they knew or should have known of the juveniles' injuries and the cause is reflected in the transcript of the *Van Keuren* criminal trial. In an effort to support this thesis, Plaintiffs have undertaken discovery into the prior criminal proceeding. However, until most recently, the United States Attorney refused to consent to release the transcript or other documents supporting the investigation in the underlying criminal case. That leaves Plaintiffs with only the public record and recollections of the events by the minors as their only source of discovery of the tort and causation.

Given the youth of the victims and the apparently somewhat obscure conduct of Mr. Van Keuren, it is presently impossible to determine when the victims knew of their injuries or their cause. Judge Armijo describes some of the victims as feeling "scared and frightened,"

6

"scared, afraid, and uncomfortable," and "bad," but says nothing about the temporal development of those feelings or recognition of a causal connection. (FF at 17-19, 21-23, 29-31, 39-40) As to other victims, she made absolutely no findings on the impact on the victims but only made the requisite findings as to Van Keuren's criminal.

The Government argues that the statute of limitations runs two years from the touching. In this case, however, the touching is a legal injury only if and when the victims perceived an offensive sexual touching and if it legally caused damage. *Garza v. United States Bureau of Prisons*, 284 F.3d 930 (8th Cir. 2002); *Simmons v. United States*, 805 F.2d 1363 (9th Cir. 1986); *Shahzade v. Gregory*, 930 F. Supp. 673, 675 (D. Mass. 1996). It is often fact specific and cannot be resolved on a motion to dismiss. *See Drazan v. United States*, 762 F.2d 56 (7th Cir. 1985). In some FTCA situations, this has been construed as when plaintiffs have sufficient information to consult an attorney. *See, e.g., Gonzalez v. United States*, 284 F.3d 281 (1st Cir. 2002).

The fact specific nature of the inquiry, necessary in an FTCA limitations context, is illustrated by *Diaz v. United States*, 165 F.3d 1337 (11th Cir. 1999). Diaz was a federal inmate who escaped in March 1994 and turned himself in three weeks later. He was incarcerated at the Metropolitan Correctional Center ("MCC"). Following admission to MCC, Diaz was screened for medical and psychological problems. He reported a fifty pound weight loss during the preceding weeks, recurring depression, anxiety, headaches, insomnia, etc. He also reported that he had recently thought about suicide. Diaz was seen and evaluated by several of the medical and psychological services staff members. Despite the concerns and recommendations of some of these staff members, Diaz was eventually housed alone without a suicide watch. On

March 14, 1994, Diaz hung himself with a bed sheet.  The widow called the prison and was told only that her husband had committed suicide.  Both the Bureau of Prisons ("BOP") and Dade County investigated, but were unable to convey any findings to the widow.  In October 1995, Mrs. Diaz contacted a lawyer who obtained the police reports with the above medical findings.  An administrative claim was filed with the BOP in April 1996.  The district court granted summary judgment finding the notice was more than two years after the death.  The Eleventh Circuit reversed finding "such a wrongful death claim accrues when the plaintiff knows, or exercising reasonable diligence should know, both of decedent's death and its causal connection with the government."  165 F.3d at 1340.

There is no evidence of what these young Native American children understood about what their teacher was doing to them or when they should have reasonably realized they were legally injured.  Many of the victims were touched through the clothing and Van Keuren maintained it was incidental contact.  It will be Plaintiffs' burden to prove the tort, causation and damage, but the Court cannot say, based merely on the complaint, when, if at all, any of these occurred for any Plaintiff.  Nor is there any present record sufficient to support a conclusion as to when Plaintiffs should have known they suffered injury or its cause.


**O R D E R**

Defendants' Motion to Dismiss the claims of Trudy Jim, Karen Mark, Ronld Tsosie, and Audrey Muskett on their own behalf as well as Defendant's motion on claims against them in their official capacity are GRANTED; otherwise, Defendants' motion to dismiss must be DENIED.  Disposition of the summary judgment must await further factual development.

SO ORDERED this 26th day of September, 2006.

                                                       **BRUCE D. BLACK**
                                                       **United States District Judge**

**For Plaintiffs:**
    F. Michael Hart, MARTINEZ & HART, Albuquerque, NM

**For Defendants:**
    David C. Iglesias, U.S. Attorney, Dori E. Richards, Special Assistant U.S. Attorney, John Zavitz, Assistant U.S. Attorney, Albuquerque, NM